IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN HALVORSEN, on behalf of himself and the class members described in the complaint, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT ADJUSTMENTS INC., )<br>)<br>Defendant. ) | No. 15-cv-6228<br><br>Jeffrey T. Gilbert<br>Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jordan Halvorsen alleges in his complaint that he received a debt collection letter from Defendant Credit Adjustments Inc. ("CAI") that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in two ways. [ECF No. 1, ¶¶ 6, 11-18.] The letter listed an "amount due on [his] account" of $1,546.57. *Id.* ¶ 12. Halvorsen claims this total included $293.88 in collection or delinquency fees, but that this fact was not disclosed. *Id.* ¶¶ 13, 14. Halvorsen asserts that the letter also said there would be a $5.00 fee if Halvorsen paid his account by credit card, even though no agreement authorized that fee. *Id.* ¶¶ 15, 17. Halvorsen advances these claims not only on his own behalf, but also for a putative class. *Id.* ¶¶ 22-28, 33-39. This matter is now before the Court on Halvorsen's motion to compel responses to his (a) Requests for Admission 12, 13, and 14; (b) Interrogatories 4, 5, and 7; and (c) Requests for Production 4, 5, 10, 11, 14, and 15. [ECF No. 31, at 3.] *See* ECF No. 33 (referring the motion to this court). For the reasons stated below, Halvorsen's motion to compel is granted in part and denied in part.

Before turning to the heart of the present dispute, a few parts of Halvorsen's motion may be dealt with briefly. It appears that the inclusion of Interrogatory 4 may have been an error. The only reference to it in the initial brief and motion occurs on page three, where Halvorsen states, "In particular, Plaintiff seeks to compel response to . . . Interrogatories Nos. 4-5, and 7 . . . ." [ECF No. 31, at 3.] Interrogatory 4 is never mentioned again, even though the brief goes on to address substantively every other discovery request covered by the motion. Likewise, neither CAI's response brief nor Halvorsen's reply brief reference Interrogatory 4. [ECF Nos. 38, 40.] Even if Halvorsen intended to ask the Court to compel a response to that interrogatory, the Court would deny this request because he failed to develop a supporting argument. *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008). Accordingly, the motion is denied with respect to Interrogatory 4.

There is some other low-hanging fruit. After the motion was filed, CAI supplemented its discovery responses. Because of this supplementation, Halvorsen is no longer seeking to compel responses to Requests for Admission 12, 13, and 14, and Interrogatory 7. [ECF No. 40, at 1, 2.] So his motion also is denied with respect to these requests. That leaves only Interrogatory 5 and Requests for Production 4, 5, 10, 11, 14, and 15.

**A. Plaintiff's Interrogatory 5 and Requests For Production 4 and 5.**

Interrogatory 5 asks that CAI "[s]tate all alleged methods by which Plaintiff or the putative class members authorized or agreed to a $5.00 processing fee for payments by credit card." [ECF No. 31-1, at 7.] Requests for Production 4 and 5 are related. The former seeks "[a]ll documents that evidence agreement by Plaintiff or the putative class members to be charged a $5.00 convenience free for payments made by credit card." *Id.* at 13. The latter

2

requests "[a]ll documents relating to Defendant's policy of charging a $5.00 convenience fee for payments made by credit card." *Id.* at 14.

CAI recites a few facts related to these requests that should be noted but have no effect on the present motion. According to CAI, Halvorsen never actually incurred the $5.00 fee and there were other non-credit card payment options. Neither of these facts renders the requested discovery irrelevant because the complaint alleges it was the sending of the letter that mentioned the $5.00 fee that violated the FDCPA. [ECF No. 1, ¶¶ 29-39.] CAI also contends that the fee would not violate the FDCPA if "(1) it is expressly authorized by the agreement creating the debt or (2) [is] permitted by law." [ECF No. 38, at 2.] The requested discovery relates to whether the $5.00 fee was so authorized or agreed. That means, even under CAI's understanding of the law, the requested discovery is relevant. Finally, CAI notes that it already has provided to Halvorsen the documents underlying his own debt with the University of Minnesota. Of course, though, the discovery requests seek much more than just those documents.

CAI's main objection to Interrogatory 5 and Requests for Production 4 and 5 is that those requests are overly broad and unduly burdensome. CAI's line of thinking with respect to breadth is simple: a class has not been certified yet, so class-wide requests are too broad. CAI's reasoning with respect to burden is that, to produce the documents underlying each putative class member's debt, it would have to (1) identify the respective creditor associated with that debt, (2) find out what documents the creditor has that may have authorized the $5.00 fee, and (3) subpoena these documents. This burden is especially undue in CAI's opinion because no class has yet been certified.

The mere fact that the class in this case is only a putative class does not justify denying discovery. "[A] request is not overly broad and unduly burdensome merely because a class

3

action has not yet been certified . . . ." *Cox v. Sherman Capital LLC*, 2014 WL 712659, at *4 (S.D. Ind. Feb. 24, 2014) *amended on reconsideration in part*, 2014 WL 4409851 (S.D. Ind. Sept. 5, 2014) *objections overruled*, 2014 WL 7409730 (S.D. Ind. Dec. 31, 2014). A contrary conclusion would violate the accepted rule that "a discovery request may extend to a putative class that has not yet been certified." *Green v. Monarch Recovery Mgmt., Inc.*, 2014 WL 1631825, at *4 (S.D. Ind. Apr. 24, 2014). And this is true even when the putative class is large. *Cox*, 2014 WL 712659, at *4. It may be that a party responding to discovery before a class is certified can make a good argument that only a sample of the requested materials should be produced because of concerns about undue burden and proportionality, but it is not necessarily true that all discovery that touches the merits as well as class issues should be halted unless and until a class is certified. *See* Federal Rule of Civil Procedure 26(b)(1) as amended effective December 1, 2015. And courts commonly allow discovery focused on class certification to proceed before merits discovery is initiated or completed. MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.14 (2004).

Further, "[t]he mere fact that a party will be required to expend a considerable amount of time, effort, or expense in answering [a] discovery request[] is not a sufficient reason to preclude discovery." *Boyer v. Gildea*, 2008 WL 4911267, at *5 (N.D. Ind. Nov. 13, 2008) (internal quotation marks omitted). Although the cited case was decided before the recent amendments to the Federal Rules of Civil Procedure that explicitly mandated a proportionality analysis considering the benefits and burdens of particular discovery requests, CAI still must actually show that responding to Halvorsen's discovery would be unduly burdensome. *Yessenow v. Hudson*, 270 F.R.D. 422, 427 (N.D. Ind. 2010). To do so, CAI must "adequately demonstrate the nature and extent of the claimed burden by making a specific showing . . . ." *Bitler Inv.*

4

*Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970, at *4 (N.D. Ind. Apr. 18, 2007). "This showing typically requires affidavits or other evidence supporting a party's assertions of burden." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, at *5 (S.D. Ind. June 30, 2015). A party objecting to a discovery request must, at a minimum, specify the nature and extent of that burden. *Id.* (taking issue with a party's failure to estimate how much time and money would be required to respond); *Eley v. Herman*, 2005 WL 3115304, at *1 (N.D. Ind. Nov. 21, 2005) (criticizing a party for failing to say "how many files would need to be reviewed, how long it would take, or how many employees would be involved").

The undue burden theory does not appear to be applicable to Request for Production 5 because that request only seeks documents related to *CAI's policy* of charging the $5.00 fee. These documents may not be in the hands of third parties. If they are, CAI does not say. They may not vary for every creditor or debtor. Again, if they do, CAI does not say. There is no self-evident reason why producing these documents would be unduly burdensome. And CAI has not developed or supported any such reason. Accordingly, Halvorsen's motion is granted as to Request for Production 5.

CAI also falls short in showing it would be unduly burdensome to respond to Interrogatory 5 and Request for Production 4. It does not explain whether all of the documents or information necessary to respond to these discovery requests is in the hands of third parties. It has not estimated how many creditor clients could be involved in responding to the interrogatory or the request for production; it only asserts that it has "numerous clients." [ECF No. 38, at 3.] CAI has not estimated how many debtor accounts could be involved. CAI has not estimated the volume of documents involved. CAI has not estimated how many people would need to work on

5

responding to these discovery requests. CAI has not estimated how long they would need to work. And CAI has not estimated how much it might cost in dollars to respond.

The Court is concerned, however, that if it were to grant Halvorsen's motion to compel responses to Interrogatory 5 and Request for Production 4, that would spark another round of motion practice and briefing through which CAI would attempt to satisfy the requirements it did not satisfy the first time around. With the guidance provided above, it may be possible for the parties to agree that CAI will produce a sample of the documents that contain the information Halvorsen is seeking subject to an agreement that a more fulsome production (or response to Interrogatory 5) will be made later in the case if, for example, a class is certified or it is necessary for Halvorsen to respond to a summary judgment motion or prepare for trial. If CAI has none of the information Halvorsen is seeking in its possession, custody, or control, then it can identify for Halvorsen the third parties who do have that information so that Halvorsen can subpoena the information from them.

The Court strongly suggests that the parties discuss these options. This is a common method of addressing the production of the categories of documents Halvorsen seeks from CAI at this stage of both an individual and putative class case. In fact, if Halvorsen or CAI had suggested a sample production as a way of resolving their dispute over Interrogatory 5 and Request for Production 4, the Court would have endorsed it. Even if the Court has misperceived CAI's burden argument, the parties should meet and confer about the matters discussed above and a potential solution and, if necessary, present any remaining disputes to the Court for resolution in a short, joint filing. The parties are referred to the procedure for filing a joint motion to resolve discovery disputes on the Court's website, www.ilnd.uscourts.gov/Judges/Magistrate Judge Gilbert/Case Procedures/Discovery Motions.

## B. Halvorsen's Remaining Requests For Production.

Requests for Production 10 and 11 can be dealt with together. Request for Production 10 seeks "[t]he complete file, including but not limited to computer information, for all (a) individuals with Illinois, Wisconsin, or Indiana addresses (b) to whom CAI sent a letter including collection or delinquency charges in an "amount due on this account" without identifying them as such (c) which letter was sent at any time between July 16, 2014 and August 5, 2015." [ECF No. 31-1, at 16.] Relatedly, Request for Production 11 asks for "[t]he compete file, including but not limited to computer information, for all (a) individuals with Illinois addresses. [sic] (b) to whom CAI sent a letter referring to a $5.00 fee if paying by credit card, (c) which letter was set [sic] at any time between July 16, 2015 and August 5, 2015." *Id.* at 17. Here, Halvorsen states that he would be willing to accept only a sample of the complete files referenced by both requests if CAI would stipulate that the remaining files will be produced if and when a class is certified. [ECF No. 31, at 6.] CAI rejected this proposal. [ECF No. 38, at 5.]

CAI's main objection to these two requests is that the information sought is irrelevant to class certification. This argument is of no avail for two reasons. Most importantly, the District Judge presiding over this case has ordered that "Fact discovery shall close on 5/28/16." [ECF No. 20.] Because discovery has not been bifurcated in this case, all discovery will close on that day. It is almost a foregone conclusion that the class certification issue will not be decided before that date, which is about one-and-a-half months away, because a briefing schedule has not yet been set on such a motion.[1] Thus, as things stand now, Halvorsen must complete all necessary fact discovery in this case before any decision on class certification. If CAI's objection were sustained, Halvorsen would never be afforded an opportunity to conduct class-

---

[1] To say nothing of the fact that Halvorsen's counsel was given leave to withdraw as counsel of record in this case by the District Judge on March 31, 2016. [ECF No. 43.]

7

wide discovery extending beyond the certification issue. *See Green*, 2014 WL 1631825, at *4 (compelling the production of the account histories of putative class members before class certification). Halvorsen's sampling suggestion, as discussed by the Court earlier in this opinion, addresses this dilemma as well.

There is another problem with CAI's argument. CAI contends that Halvorsen can make his class certification argument without the information sought by these discovery requests. This may raise issues of proportionality and burden, but those are not objections that CAI develops in its brief. Instead, CAI simply asserts that the requests are not proportional without even specifying the burdens that are disproportionate to the benefits. CAI's argument is so undeveloped that it cannot establish disproportionality or irrelevance. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

Moreover, the requested files likely contain information relevant to class certification as well as to the merits of Halvorsen's claims. Presumably, they include the actual letters sent to the putative class members that allegedly violate the FDCPA. Reviewing the letters will allow Halvorsen to see how many people fit within each class definition, which is relevant to both numerosity and superiority. The similarities and differences between the letters may be relevant to commonality, typicality, and predominance. Other information in the file may be relevant to these same issues. For instance, the files may provide the necessary information to determine for what letters the "amount due" totals included collection or delinquency fees and how much in fees was included. While this is by no means a comprehensive list of potential theories of relevance, no more need be discussed because CAI has so clearly failed to demonstrate that its objections are meritorious.

Again, production of a sample of the requested documents would appear to be an appropriate and sensible way to address these discovery requests, and the parties are ordered to address that method of production.

CAI's other objection to Requests for Production 10 and 11 is that they are overly broad because putative class members have not been given notice and a chance to object (or consent) to the release of their private information. CAI asserts this objection in one sentence and does not cite any case law to support it. Thus, it is waived. *United States v. Berkowitz*, 927 F.2d 1384. Moreover, a confidentiality or protective order that shields private or confidential information from public view probably would address any legitimate concerns CAI or individual class members may have in this regard given that Halvorsen is advancing claims on behalf of a putative class. For all of these reasons, Halvorsen's motion to compel is granted as to samples of the information requested in Interrogatory 5 and Requests for Production 4, 10 and 11.

The last discovery requests at issue are Requests for Production 14 and 15. Request for Production 14 asks for "[a]ll documents relating to any complaint, criticism or inquiry, by any person, concerning CAI's $5.00 fee for processing credit card payments." [ECF No. 31-1, at 18.] Request for Production 15 seeks "[a]ll documents relating to any complaint, criticism, or inquiry by any person concerning CAI allegedly including fees in the 'amount owed' sought from debtors." *Id.* at 19. CAI has responded to these requests by stating that it "does not have a *formal* system that tracks all **informal** complaints or criticisms." *Id.* (emphasis added). Of course, this does not address whether CAI informally tracked informal complaints or criticisms, whether CAI formally tracked at least some informal complaints or criticisms, or whether CAI tracked (either formally or informally) (some or all) formal complaints or criticisms. In fact,

9

CAI already has conceded that its in-house counsel tries to keep personal notes regarding some complaints. *Id.* Therefore, CAI's current response leaves much unanswered.

CAI contends that it need not provide any further response because the information sought is irrelevant. [ECF No. 18, at 6.] CAI is wrong. 15 U.S.C. § 1692k(b)(2) explicitly inventories the factors to be considered by a court in determining damages, including whether the debt collector acted intentionally, the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the number of people adversely affected. If there were a series of complaints to which CAI did not respond, and its conduct is deemed actionable, then that would be circumstantial evidence that arguably could be relevant to intent and other factors, at least for purposes of discovery.

In responding to Requests for Production 14 and 15, CAI asserted several other objections, including undue burden, attorney client privilege, work product, vagueness, and so on. CAI did not flesh these objections out in its brief because, according to CAI, Halvorsen's attorney had narrowed the requests at the meet and confer. (CAI concedes, though, that the motion to compel renews the original requests.) *Id.* Because those objections were not more fully developed, the Court cannot now properly address them and they are overruled. *United States v. Berkowitz,* 927 F.2d at 1384.

It is clear, though, that the requests are at least too broad with respect to time period. Halvorsen allegedly received CAI's letter on April 7, 2015. [ECF No. 1, ¶ 11.] The class claims only cover those who received a letter that was sent "during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action." *Id.* ¶¶ 23, 34. Therefore, at a minimum, it seems that complaints, criticisms, and inquiries received more than

twenty days after the filing of this action would be irrelevant based on the class definition. Likewise, complaints, criticisms, and inquiries received in the remote past would not be relevant.

Because neither party suggests an appropriate time frame, the Court will not speculate in that regard. Halvorsen's motion to compel is denied with respect to Requests for Production 14 and 15. However, Halvorsen may amend his requests and serve more narrowly tailored versions of each consistent with this ruling, and the parties are directed to discuss this issue with the goal of arriving at an acceptable scope and time period. The time period for CAI to respond to any narrowly tailored requests in accordance with this ruling is shortened to 14 days from the date of service of such revised requests. Fed.R.Civ.P. 34(b)(2)(A).

Finally, the Court recognizes that the withdrawal of Halvorsen's counsel may affect the parties' ability to reach agreement with respect to CAI's obligation to respond to Halvorsen's discovery requests consistent with the Court's ruling concerning matters such as sampling, over-breath and time period. The parties should discuss this issue with the District Judge at their next scheduled status hearing as it may impact the fact discovery close date.

For the reasons stated above, Halvorsen's motion to compel [ECF No. 31] is granted in part and denied in part. It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 11, 2016